WILLIAM CURTIS & another, appellants, *vs.* CITY OF PORTLAND.

*Damages for land taken for street—assessment of, when portion of street discontinued after appeal.*

In 1870, the city council of Portland, under § 9* of their charter, laid out a street across the petitioners' land for which they awarded no damages, and from their adjudication as to damages this appeal was taken. After the appeal the city council discontinued a portion of the street. *Held,* That the petitioners may abandon their appeal with costs, or pursue it and have the damages assessed, for so much of the located street as is not discontinued.

ON REPORT.

APPEAL from the decision of the city council of the city of Portland in relation to damages for land taken for a street.

The facts sufficiently appear in the opinion, only one question being raised, to wit, how shall the damage be assessed.

*W. L. Putnam,* for the appellants.

*Symonds & Libby,* for the respondents.

*CITY CHARTER, SECT. 9. The city council shall have exclusive authority to lay out, widen, or otherwise alter or discontinue, any and all streets or public ways in the city of Portland, without petition therefor, and as far as extreme low-water mark, and to estimate all damages sustained by the owners of land taken for that purpose ; but all locations below high-water mark shall be subject to the provisions of the laws relating to the commissioners of Portland harbor. A joint standing committee of the two boards shall be appointed, whose duty it shall be to lay out, alter, widen, or discontinue any street or way in said city, first giving notice of the time and place of their proceedings to all parties interested, by an advertisement in two daily papers printed in Portland, for one week at least previous to the time appointed. The committee shall first hear all parties interested, and then determine and adjudge whether the public convenience requires such street or way to be laid out, altered, or discontinued; and shall make a written return of their proceedings, signed by a majority of them, containing the bounds and descriptions of the street or way, if laid out or altered, and the names of the owners of the land taken, when known, and the damages allowed therefor; the return shall be filed in the city clerk's office at least seven days previous to its acceptance by the city council. The street or way shall not be altered or established until the report is accepted by the city council, and the report shall not be altered or amended before its acceptance.

DANFORTH, J.   In 1870, the city of Portland laid out a street across the petitioners' land, for which no damages were allowed. From that adjudication as to damages this appeal was taken.   After this appeal the city discontinued a portion of that street.   Shall the appellants have their damages assessed in this process for the street as originally located, or for that part not discontinued?

This state of facts does not seem to have been contemplated by the legislature, in the act of 1863, c. 275, § 9, under which the respondents justify, and yet certain legal rights result to the parties therefrom.

There is here no question of the recovery of damages, but as to the basis upon which they shall be assessed.   There is no judgment for damages in favor of the appellants, nor anything tantamount thereto.   If there had been such an adjudication, the appeal would have suspended its effect until a final disposition of it.   If there had been a final adjudication as to damages, and a subsequent discontinuance of a part of the road before the payment of the amount, it is very possible the land-owner might recover the full sum assessed, as no provision is made in the law for apportioning the damages between the different parts of the street.   But upon this question we give no opinion.   On what ground shall the damages be assessed under the facts developed in this case?   The statute referred to gives the city of Portland exclusive authority to

A street or way shall not be discontinued by the city council, excepting upon the report of said committee. The committee shall estimate and report the damages sustained by the owners of the lands adjoining that portion of the street or way which is so discontinued, their report shall be filed with the city clerk seven days at least before its acceptance. Any person aggrieved by the decision or judgment of the city council in establishing, altering, or discontinuing streets, may, so far as relates to damages, appeal therefrom to the next court, having jurisdiction thereof, in the county of Cumberland, which court shall determine the same by a committee or reference under a rule of court, if the parties agree, or by a verdict of its jury, and shall render judgment and issue execution for the damages recovered, with costs to the party prevailing in the appeal.  Such appeal shall be made to the term of the supreme judicial court, which shall first be holden in the county of Cumberland, more than thirty days from and after the day the street is finally established, altered, or discontinued, excluding the day of commencement of the session of said court.

Curtis v. City of Portland.

' lay out, widen, or otherwise alter or discontinue any and all streets,' etc.   Under this statute there can be no doubt that the city had full authority to discontinue any part of any street at any time after its location.   We must, therefore, deem the discontinuance of a portion of the street in question, as legal, until quashed on *certiorari*. This discontinuance has no effect upon the remainder of the way. The result is, that a part of the original location upon the appellants' land is still a legal street, while the other part is not, and the city or the public have no rights therein.   Further, the discontinuance was accomplished before the damages were paid or recovered, while the original adjudication, as to damages, remains the same. From this adjudication this appeal was taken, and, if prosecuted, the jury or committee will examine the road as they find it.   They have no authority to estimate damages for a way which has no existence in law or fact, but only for that which does exist.   Then the state of things has been somewhat changed since the appeal was taken.   But this change is one which the respondents had a legal right to make, and to which the petitioners are legally bound to submit.   Nor does it work injustice to them.   They may, under the law, if they choose to submit to the original adjudication as to damages, withdraw their appeal with costs, or they may pursue it and recover such damages as they are entitled to for the street as now located ; and if they are aggrieved at the damages allowed for the discontinuance, they may appeal from that and recover for all injuries, including that arising from the original location.   These two processes are sufficient to secure the payment for all damages sustained.   But if the claim of the appellants is allowed, to some extent double damages will be recovered, once under each appeal.

The result is, the appellants may, if they choose, abandon their appeal with costs, or pursue it and have the damages assessed for the location of the street as it now is.

APPLETON, C. J.; CUTTING, WALTON, and DICKERSON, JJ., concurred.